# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2321

_____

Saul David Gutierrez-Olivares,      *
    *
    Petitioner,      *
    *  Petition for Review of an
    v.      *  Order of the
    *  Board of Immigration Appeals.
Michael B. Mukasey,[1] Attorney General, *
    *
    Respondent.      *

_____

Submitted: April 18, 2008
Filed: July 18, 2008

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Saul David Gutierrez-Olivares, a citizen and native of Peru, seeks review of an order of the Board of Immigration Appeals (BIA) that affirmed the decision of an immigration judge (IJ) denying his application for asylum and withholding of removal and ordering his removal to Peru. We dismiss the asylum claim for lack of jurisdiction and deny the petition for review of the withholding of removal claim.

_____

[1] Michael B. Mukasey, now Attorney General of the United States, is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

## I.

Gutierrez-Olivares entered the United States on a one-month tourist visa in March 2002. He remained and worked in the United States after the expiration of his visa, and the government initiated removal proceedings against him in July 2004. Gutierrez-Olivares admitted his removability, but applied for asylum in February 2005, claiming that he had suffered past persecution in Peru on account of his political opinion and membership in a particular party and feared future persecution if he returned.

At his removal hearing in February 2006, Gutierrez-Olivares testified to the following. From 1991 until 2000, he had a one-hour weekday morning radio program wherein he gave news commentary and criticized corrupt practices of then-Peruvian-president Alberto Fujimori and of the local government in his province of Campana, Peru. His program was unpopular with those whom he criticized, and he was assaulted once on the street by two men he later identified as working with the mayor. He suffered a few blows that resulted in bruises and did not require medical attention. The radio station was vandalized by the mayor and his supporters, but Gutierrez-Olivares was not present at the time and the owner obtained a court judgment for the damage. In 1994, Gutierrez-Olivares became the mayoral candidate for a small local political group. During his candidacy, he was threatened that if he did not withdraw from the election, he would be forcibly removed. Some of his campaign flyers and posters were vandalized, and unidentified people would throw stones at his windows and knock on his door at night. The police failed to bring any of the vandals to justice. Gutierrez-Olivares did not withdraw from the race, but was not elected. In 1998, he ran again. His campaign meeting-place was vandalized and some of his supporters, but not Gutierrez-Olivares, were injured in the fracas. His supporters recognized the vandals as supporters of the pro-Fujimori mayoral candidate, to whom Gutierrez-Olivares lost the election.

Gutierrez-Olivares joined the anti-Fujimori Peru Posible party in 1999. In 2000, he attended an anti-Fujimori counterdemonstration in Arequipa at which violence broke out, resulting in the arrest of some eighty to one-hundred people from his party. Those arrested were injured, jailed, prosecuted, and/or released. Gutierrez-Olivares was not arrested, but was afraid to return to Campana for two weeks, after which he left for the United States for the first time. He returned to Peru in December 2000, after Fujimori had fled the country.

The leader of the Peru Posible party, Alejandro Toledo, was elected president in 2001. Some of Fujimori's supporters remained in Campana's local government, however, and Gutierrez-Olivares received threats against himself and his family. He sent his two eldest children to study abroad and his wife and youngest child to live in Arequipa. Gutierrez-Olivares remained in Campana until his final entry into the United States in March 2002, vacationing once in the United States in the interim. He testified that he intended to return to Peru when the political climate was more hospitable. In 2003, his wife was appointed head of the municipal public welfare program in Campana, replacing the man who had threatened Gutierrez-Olivares during his 1994 campaign and thereafter. As the result of a property dispute, she was assaulted and sustained injuries requiring medical attention. She obtained a restraining order against her attackers, and her case against them is currently pending in Peru's courts.

After considering this testimony and supporting evidence, including background information on Peru, the IJ denied Gutierrez-Olivares's application for asylum on the basis that it was untimely filed and thus statutorily barred. The IJ denied the application for withholding of removal based on her finding that Gutierrez-Olivares had failed to meet his burden of proof that he had suffered past persecution or would suffer future persecution.

II.

We review the BIA's order, which includes the IJ's findings and reasoning to the extent that it expressly adopts them, as the final order of removal. Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006); see 8 U.S.C. § 1252(a)(1). We will uphold the BIA's findings of fact unless the evidence as a whole would compel any reasonable adjudicator to conclude to the contrary, and we will uphold the BIA's decision unless it is manifestly contrary to law. 8 U.S.C. § 1252(b)(4)(B)-(C).

A. Asylum

We lack jurisdiction to review the BIA's determinations with respect to the timeliness of his application for asylum, including whether the application was filed within the one-year time limit or whether changed or extraordinary circumstances permit the consideration of an otherwise ineligible application. 8 U.S.C. § 1158(a)(3) (courts lack jurisdiction to review determinations made pursuant to 8 U.S.C. § 1158(a)(2)). Thus, we dismiss Gutierrez-Olivares's asylum claim for lack of jurisdiction because it does not raise a colorable constitutional claim or question of law. See 8 U.S.C. § 1252(a)(2)(D).[2]

B. Withholding of Removal

To qualify for withholding of removal under 8 U.S.C. § 1231(b)(3)(A), Gutierrez-Olivares must have established that "his life or freedom would be threatened" in Peru because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.16(b).

---

[2] Gutierrez-Olivares acknowledges that we lack jurisdiction to consider his asylum claim and does not challenge the BIA's timeliness determination. Instead, he argues the merits in order to preserve his good faith claim should the law change. Appellant's Br. at 2 n.1.

-4-

Gutierrez-Olivares argues that he suffered and will suffer persecution based on his political opinion and his membership in a particular party. The record does not compel such conclusions. We agree with the BIA that the incidents described in Gutierrez-Olivares's testimony, even when aggregated, do not constitute persecution within the meaning of 8 C.F.R. § 208.16(b), and thus do not establish that his life or freedom was threatened within the meaning of 8 U.S.C. § 1231(b)(3)(A). Persecution is an "extreme concept" that does not encompass low-level intimidation and harassment. Eusebio v. Ashcroft, 361 F.3d 1088, 1090 (8th Cir. 2004) (internal quotation omitted); see also Angamarca v. Gonzales, 415 F.3d 897, 900-01 (8th Cir. 2005). Although Gutierrez-Olivares may have suffered harassment at the hands of local officials and political rivals for his political and journalistic activities, he was not seriously injured, detained, or even dissuaded from engaging in those activities in the Camana area for a period of nine years. See Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) ("Absent physical harm, the incidents of harassment [and] unfulfilled threats of injury . . . are not persecution."); Angamarca, 415 F.3d at 900-01 (no persecution where petitioner did not suffer detention or serious violence and remained in area for at least a month).

We also agree that Gutierrez-Olivares has not demonstrated that he will suffer persecution based on his political opinion and party membership if he is returned to Peru. The political climate has changed, and the record lacks evidence that Gutierrez-Olivares, as a journalist and member of the Peru Posible party, would suffer more severe treatment now than he did in the past. Fujimori has been out of power and in exile for more than seven years. The leader of Gutierrez-Olivares's party was Peru's president for five years in the interim and held that position at the time of the removal hearing. At the level of local politics, Gutierrez-Olivares's wife replaced the man who harassed him.

The petition for review is denied.

_____